WILLIAM B. HAYDEN *et al.*, Appellants, *v.* NATIONAL BANK
OF THE STATE OF NEW YORK, Respondent.

*N. Y. Supreme Court, First Department, General Term, November* 7, 1889.

1. *Attachment.   Levy.*—A party, who does not comply with subd. 3 section
    649 of Code, does not acquire a lien upon an indebtedness from a bank
    to the debtor, which he is entitled to enforce by action, under section
    677, against said bank.
2. *Same.*—Knowledge of bank as to the claim intended is immaterial.
3. *Same.*—Notice held insufficient in this case.

Appeal from a judgment entered upon dismissal of com-
plaint at circuit.

*George A. Strong*, for appellants.

*Joseph Larocque*, for respondent.

VAN BRUNT, P.J.—This action was brought under the
provisions of § 677 of the Code to recover from the defend-
ant the sum of about $2,000 claimed to have been attached
in defendant's hands.

The questions involved arise upon the following facts :

In the year 1878 the firm of Haydens & Allen, of which
firm the plaintiffs are the successors, brought an action in
this court against G. H. Loker & Loker to recover the sum
of over $3,000.   An attachment was issued against the prop-
erty of the defendants in said action upon the ground that
they were non-residents of the state of New York and did
reside in St. Louis in the state of Missouri.

On the 9th day of October, 1878, the sheriff attempted to
serve the said attachment upon the defendant by handing to
his cashier a copy of the attachment upon which was en-
dorsed a certificate to the effect that such paper was a true

copy of the original and that by it the sheriff was commanded to attach all property of the defendant, G. H. Loker, within his county then in the possession of the said defendant bank, to take the same in his custody and that he thereby attached the same, and that having been informed that the said defendant bank had in its possession and under its control certain money belonging to the said defendants (meaning G. H. Loker) and that the bank was indebted to him, he particularly attached and required to be delivered to him said money, etc.

At the time of the delivery of this copy warrant and notice to the bank it had no property of nor was it indebted to G. H. Loker in any amount, but the bank was indebted to the firm of G. H. Loker & Bro., in the sum of upwards of $2,000 of which fact the deputy sheriff was informed at the time of the service of the warrant of attachment.

This amount was subsequently applied by the bank towards the liquidation of an indebtedness to the bank by the firm of G. H. Loker & Bro.

The question presented, therefore, is whether the delivery by the sheriff's deputy to the bank's cashier of the copy warrant of attachment and notice above referred to constituted a sufficient levy under the provisions of the statute upon the indebtedness of the bank to the firm of G. H. Loker & Bro. and entitled the plaintiffs to the application of the balance at that time to the credit of the firm of G. H. Loker & Bro. towards the payment of their judgment.

The Code, § 649, subd. 3, provides the manner in which an attachment shall be levied upon an indebtedness such as that which existed upon the part of the bank to G. H. Loker & Bro, which is by leaving a certified copy of the warrant and a notice showing the property attached with the person against whom it exists.

This requirement evidently was not complied with. There was nothing either upon the face of the attachment or the notice showing that it was intended to attach any property

belonging to G. H. Loker & Bro. Upon the contrary, the notice as to the property attached expressly limited the levy to the property of G. H. Loker and such levy could not be extended simply because the sheriff intended to levy upon other property.

The doctrine in respect to notices which is relied upon by the appellant does not seem to apply to the case at bar. The question here is, have the plaintiffs caused those things to be done which gave them a lien superior to any other which might subsequently be acquired upon this indebtedness due from the bank to G. H. Loker & Bro. The statute certainly has not been complied with and this has been conceded, for whether the bank officers knew what the plaintiffs were attempting to do seems to be immaterial, as a lien can never be acquired by expressing an intention to procure such lien. The right of subsequent claimants can only be defeated by showing that the necessary steps have been taken which give preference.

Suppose another attachment has been issued and levied regularly upon this indebtedness, could the knowledge of the bank officers as to what the plaintiffs were striving to do by their proceedings defeat this subsequent levy ? We think not, as in such a case a lien could not be established. So in the case at bar the whole basis of the action resting upon the existence of a lien procured by the due levy of the warrant, unless such a lien has been procured good against all claimants, the action must fail.

It would appear therefore that the plaintiffs not having complied with the statute did not acquire a lien which they in this action are entitled to enforce.

The judgment appealed from should be affirmed, with costs.

DANIELS and BRADY, J.J., concur.